IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARC NORFLEET #20020085357, )
)
    Plaintiff, )
)
v. )  No. 05 C 926
)
#1 VALE #4166 and #2 LOCKE, )
)
    Defendants. )

## MEMORANDUM ORDER

Several months ago this Court dismissed without prejudice the 42 U.S.C. §1983[1] Complaint that pro se plaintiff Marc Norfleet ("Norfleet") had submitted in Case No. 04 C 6491. Now Norfleet has refiled, mistakenly under the same case number, the same Section 1983 Complaint together with a filled-out In Forma Pauperis Application ("Application"), accompanied by a printout that reflects the transactions in his trust fund account at the Cook County Department of Corrections ("County Jail") from August 15, 2004 through January 27, 2005.

After this Court caused the newly-filed Complaint to be assigned a new case number, it has conducted the preliminary screening called for by Section 1915A(a). It does not appear that Norfleet's claims are either "frivolous" or "malicious" or "fail[ ] to state a claim upon which relief may be granted" (see Section 1915A(b)). In addition, Norfleet asserts that he has

---

  [1] All further references to Title 28's provisions will simply take the form "Section--."

exhausted his administrative remedies, a precondition to suit under 42 U.S.C. §1997e(a), and for the present this Court accepts that representation.[2]

To turn to the Application, because it shows that Norfleet cannot pay the $250 filing fee at this time, he is granted leave to proceed with this action without the full <u>prepayment</u> of that fee. But pursuant to Section 1915(b)(1) he is obligated to pay that entire fee in installments. This Court has made the statutorily-required calculation in that respect, and it finds that the average monthly deposits to Norfleet's trust fund account during the six-month period preceding filing (see Section 1915(b)(1)(A)) amounted to $40.55. Accordingly, Norfleet is assessed an initial partial filing fee of 20% of that amount ($8.11), and the County Jail trust fund officer is ordered to collect that partial filing fee from Norfleet's trust fund account there as soon as the account reaches that level, and to pay it directly to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at County Jail (or at any other correctional facility where Norfleet may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the

---

[2] No finding is made in that respect, however, and if a defendant or defendants hereafter makes a showing to the contrary this Court will take a fresh look at the matter.

2

preceding month's income credited to the account.[3] Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $250 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Norfleet's name and the 05 C 898 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

                                  */s/ Milton I. Shadur*
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: February 17, 2005

---

[3] Because an essentially identical memorandum order is being entered today in another newly-filed Section 1983 action (Case No. 05 C 898) brought by Norfleet (he is a periodic litigator in the federal court system), the trust fund officer at County Jail (or any later correctional facility where he is housed) should be alerted to the monthly requirement to set aside 40% (not just 20%) of all income hereafter credited to his trust fund account, in order to implement the requirements set out in the text.