# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARC NORFLEET, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 05 C 926 |
| OFFICER VALE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, a correctional officer and staff nurse at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs, by failing to accommodate his disability, and by wrongfully disciplining him. More specifically, the plaintiff alleges that the defendant Vale failed to protect him from an attack by a fellow inmate, then subjected him to false disciplinary action to cover up for the incident; the plaintiff further maintains that the defendant Locke denied him a cane that he needs to walk and for which he has a doctor's prescription. This matter is before the court for consideration of the defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). To satisfy the notice pleading

requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Id.* at 971.

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp. 2d 979, 980 (C.D. Ill. 1998).

## **FACTS**

The plaintiff alleges the following facts, which must be accepted as true for purposes of the defendants' motion: Prior to his confinement, the plaintiff was diagnosed with a severe back impairment and radiculopathy. "Radiculopathy" is defined as a disease of the nerve roots and/or compression of the spine. *Dorland's Illustrated Medical Dictionary* (28th ed. 1994), p. 1404. The plaintiff was classified as disabled and was receiving disability benefits at the time of his arrest. On May 27, 2003, physicians at Cook County Jail's Cermak Hospital prescribed the plaintiff a walking cane.

On December 20, 2003, the plaintiff was granted protective custody status.

In January 2004, the plaintiff was attacked and stabbed in a courthouse holding cell. [That attack is the subject of another lawsuit currently pending before this court. *See Norfleet v. Gray, et al.*, Case No. 04 C 2952 (N.D. Ill.)]. Following the assault, the judge presiding over the plaintiff's state court criminal case ordered that the plaintiff be isolated from other detainees.

On August 28, 2004, the defendant Vale, a correctional officer at the Cook County Jail, locked the plaintiff in an outdoor recreation area with another inmate. Vale then left the inmates unsupervised. The other inmate attacked the plaintiff, somehow injuring his knee.

Vale "wrongfully" issued the plaintiff a disciplinary report charging him with assault. The disciplinary report, which is attached as an exhibit to the plaintiff's memorandum of law in support of his complaint, accused the plaintiff of being the instigator in the altercation. According to the disciplinary report, the plaintiff swung his cane at the other inmate with sufficient force to break it, although the other inmate blocked the blow with his hand. The plaintiff, however, maintains that Vale came on the scene only after the other inmate started the brawl, compelling the plaintiff to defend himself. The plaintiff contends that Vale wrote a false disciplinary report in order to deflect attention from his failure to prevent the assault.

On August 31, 2004, the defendant Locke, a nurse at the jail, denied the plaintiff the use of a walking cane although he told her that he had an "urgent need" for the cane. Locke cited the disciplinary report accusing the plaintiff of using the cane as a weapon as her reason for denying him a cane. That same day, the plaintiff fell as he walked without a cane. The plaintiff required hospitalization for his injuries.

## DISCUSSION

Accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action against both Vale and Locke. While a more fully developed record may belie the plaintiff's claims, it is not the case that the plaintiff could prove "no set of facts" entitling him to relief under 42 U.S.C. § 1983.

The defendants' motion to dismiss is denied as moot with respect to Cook County and the Cook County Board of Health. By Minute Order of March 31, 2005, the court on its own motion dismissed those defendants on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff "agrees with dismissing . . . Cook County & Cook County Board of Health." (Plaintiff's Response to Defendants' Motion to Dismiss, p. 2.) Those entities have already been terminated as defendants.

The defendant Vale asserts that he cannot be held liable for a sudden, unexpected attack on the plaintiff. It is true that the complaint alleges only that Vale "deviated from municipal policy" both by placing the plaintiff on the recreation yard with another inmate despite his protective custody status and leaving the two detainees unattended. Violations of state law [or, by extension, court orders or jail rules] are not, in and of themselves, actionable as constitutional torts. *See, for example, Rowe v. DeBruyn*, 17 F.3d 1047, 1051 (7th Cir. 1994), *cert. denied*, 513 U.S. 1994 (1994). Only deliberate indifference, which is defined as a failure to take reasonable measures in the face of a substantial risk of serious harm, violates the Constitution. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). The Fourteenth Amendment "does not demand that guards perform [their duties] flawlessly." *Id.* "Lack of due care" will not subject prison officials to damages. *Davidson v. Cannon*, 474 U.S. 344 (1986).

However, in response to the motion to dismiss, the plaintiff seems to suggest that Vale deliberately placed him in harm's way. A plaintiff may add new factual assertions in his response to a motion to dismiss so long as they do not contradict his complaint. *See Alexander v. Reid*, No. 02 C 7059, 2003 WL 1733648, at *1 (N.D. Ill. Mar. 31, 2003) (St. Eve, J.), *citing Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992). It is possible that the nature of the plaintiff's crime or other considerations made him particularly vulnerable to attack; certainly the plaintiff's status as a protective custody inmate and the Keep Separate order should have alerted Vale that the plaintiff faced some danger.

If Vale deliberately facilitated the attack on the plaintiff, then he may be answerable to the plaintiff in damages under 42 U.S.C. § 1983. "When a correctional officer **intentionally** exposes a prisoner to a known risk of violence at the hands of another prisoner, he breaches the duty imposed upon him . . . and thus subjects himself to suit under 42 U.S.C. § 1983." *Goka v. Bobbitt*, 862 F.2d 646, 649-50 (7th Cir. 1988) (emphasis in original). The relevant inquiry is

whether correctional officials actually knew about the danger that the plaintiff faced. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999); *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988). Especially because the plaintiff was in protective custody status at the time and had been previously been attacked, deliberate indifference on the part of Vale can be inferred at this stage of the proceedings. *Compare Pavlick v. Mifflin*, 90 F.3d 205 (7th Cir. 1996) (jury verdict affirmed where prison guard opened sleeping plaintiff's cell door, allowing other inmates to enter and attack the plaintiff).

Nevertheless, the plaintiff's claim that he was wrongfully disciplined for the altercation must be dismissed. A pretrial detainee may not be subjected to any form of punishment for the crime with which he is charged. *Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, he can be punished for disciplinary infractions he commits while in pretrial custody, so long as he is afforded notice and an opportunity to be heard. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). In this case, there is no allegation that the plaintiff was denied procedural due process. Although it is most regrettable if the plaintiff was punished for fighting when he was merely the victim in the altercation, the court does not sit in review of jail disciplinary decisions.

Turning to the plaintiff's allegations against Locke, the complaint–though sketchy–is likewise sufficient to withstand Locke's motion to dismiss. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999), *cert. denied*, 530 U.S. 1244 (2000) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). Furthermore, the Americans with Disabilities Act, which applies to state prisoners, *see Cassidy v. Indiana Dept. of Corrections*, 199 F.3d 374, 375 (7th Cir. 2000), requires reasonable accommodation of an inmate's disabilities.

A more fully developed record may establish that Locke did not act with deliberate indifference to a serious medical need. However, the plaintiff need not "prove" his case at this time, as the defendants argue in their brief. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997), *quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Of course, in order to recover damages, the plaintiff will have to establish by a preponderance of the evidence that the defendant Locke acted with deliberate indifference to a serious medical need and/or refused to accommodate his disability. But the complaint satisfies basic notice pleading requirements.

Finally, reference is made to the plaintiff's assertion that this case involves the same issues as those presented in his other pending case, *Norfleet v. Gray, et al.*, Case No. 04 C 2952 (N.D. Ill.). The court has once again reviewed the pleadings in Case No. 04 C 2952 and finds that the two lawsuits are **similar** but non-overlapping. Case No. 04 C 2952, like the case at bar, involves a correctional officer's failure to protect the plaintiff from harm as well as the denial of a cane. But different defendants are named in Case No. 04 C 2952 and a completely unrelated alleged inmate attack in a different setting than in the earlier action triggered the instant lawsuit. The plaintiff may wish to discuss with appointed counsel in Case No. 04 C 2952 whether it would be appropriate to file a motion for voluntary dismissal of this lawsuit, without prejudice to filing a second amended complaint under Case No. 04 C 2952 setting forth all claims and defendants in one action. However, the court finds that dismissal of this case as duplicative is not warranted.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss is granted only with respect to the plaintiff's claim that he received a false disciplinary report. The plaintiff may pursue his

claims that Vale acted with deliberate indifference to his safety and that Locke acted with deliberate indifference to his medical needs.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss [#19] is granted only insofar as the plaintiff claims that he was wrongfully disciplined. The motion to dismiss is denied in all other respects. The defendants Vale and Locke are directed to answer or plead within twenty-one days of the date of this order.

ENTER:

*James B. Zagel*

_____ James B. Zagel
U.S. District Judge

Dated: December 5, 2005